UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ALL ELITE WRESTLING,**
LLC, a Delaware limited liability
company, and ANTONY KHAN in
his capacity as the Chief Executive
Officer, General Manager, and Head of
Creative of All Elite Wrestling, LLC

        **Petitioners,**

v.                                               Case No. 3:25-cv-282-WWB-LLL

**RYAN NEMETH,**

        **Respondent.**
_____/

### PETITIONER, ALL ELITE WRESTLING, LLC'S, MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS A, B, & C TO THE PETITION TO COMPEL ARBITRATION PURSUANT TO LOCAL RULE 1.11

Petitioner, All Elite Wrestling, LLC ("AEW"), through its undersigned counsel, pursuant to Middle District of Florida Local Rule 1.11(b), respectfully moves for an order allowing the filing of Respondent, Ryan Nemeth's Independent Contractor Wrestler Agreements (collectively, the "Agreements") under seal for the Court's review in consideration of the Petition to Compel Arbitration ("Petition") (Doc. 1) and Petitioners' forthcoming motion for the Court to order enforcement of the subject arbitration provisions. In support, AEW states as follows:

## **MEMORANDUM OF LAW**

### I. Description of the Items Proposed for Sealing

The Agreements constitute the entirety of AEW's and Respondent's previous independent contractor relationships, the provisions of which are directly at issue in the Petition and the underlying state court action.

### II. Why Filing the Agreements is Necessary

In short, by the very nature of the state court Complaint's allegations, which all relate to and arise under Respondent's independent contractor relationship with AEW (*see* Doc. 1-4), the Agreements are essential to the Court's determination in ordering the relief requested in the Petition. Filing the Agreements at this stage is necessary for the court to rule on the threshold issue of compelling arbitration because AEW anticipates that Respondent will argue in defense in this Court that certain portions of the Agreements are unenforceable; therefore, arbitration should not be ordered.

### III. Why Sealing the Agreements is Necessary

The Agreements should be filed under seal consistent with AEW's and Respondent's agreements regarding confidentiality. The Agreements each contain a nearly-identical confidentiality provision (*See, e.g.,* Section 11 of the Agreements).

Confidentiality is a material term of the Agreements and constitutes part of the consideration provided in exchange for the amounts paid to Respondent for his services, and sealing the Agreements is necessary because the confidential terms disputed by Respondent therein are essential to resolving the issue of compelling arbitration, as well as other issues that may arise throughout the course of this matter.

In considering applications to file documents under seal, courts apply a balancing test, weighing the presumption of public access to public documents against the interests favoring nondisclosure. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1314–15 (11th Cir. 2001); *see also*, *e.g.*, *Medley v. American Cancer Soc'y,* No. 10-civ-3214, 2010 U.S. Dist. LEXIS 75098, at *1 n.1 (S.D.N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal."). Any public interest in obtaining access to the terms of the Agreements is outweighed by AEW's legitimate interests in maintaining the confidentiality of the contractual relationship at issue. Moreover, maintaining confidentiality of the terms between AEW and its Wrestlers and former Wrestlers, such as Respondent, is essential for AEW to remain competitive in the wrestling industry, and allowing the Agreements to be filed on the public docket will result in substantial and irreparable harm to AEW's and Petitioner Khan's business, which harm cannot be reduced or eliminated through any other reasonable means. *See FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 60–61 (11th Cir. 2013). Additionally, for the same reasons, Petitioner Khan, as AEW's Chief Executive Officer, General Manager, and Head of Creative, has a business interest in the terms of AEW's agreements not being made public.

**IV.     Redaction, or Means Other Than Sealing, is Not Satisfactory**

A necessary part of the Court's ruling on arbitration will require it to review the Agreements in full, unredacted form. Moreover, redaction, or any other means, will not cure the harm that Petitioners stand to suffer if the terms of AEW's confidential business relationships become accessible by its competitors. Therefore, there is no satisfactory alternative to sealing.

**V.     Proposed Duration of the Seal**

AEW proposes that the seal remain in place during the pendency of this action and expire following the final disposition of the case.  Following the disposition of this case, AEW intends to move for appropriate relief before the seal expires pursuant to Local Rule 1.11(e).

**VI.    Identification and Information of Those Authorized to Retrieve a Sealed Tangible Item**

Should the Court permit filing under seal, counsel of record for AEW is authorized to retrieve any sealed tangible items. The Court can also return the Agreements to lead counsel for AEW, B. Tyler White, Esq., Jackson Lewis P.C., 501 Riverside Avenue, Suite 902, Jacksonville, Florida 32202. Respondent is the only individual, other than Petitioner Khan, who AEW knows to have an interest in establishing or maintaining the seal. Finally, the Agreements are being filed contemporaneously with this Motion for the Court's consideration pursuant to the procedures provided in Local Rule 1.11 and on CM/ECF.

## **CERTIFICATE OF CONFERRAL**

Service of process has not yet been effected on Respondent. Consistent with Local Rule 3.01(g)(3), counsel will confer with Respondent or his counsel upon service of the Petition to Compel Arbitration to obtain his position and will promptly supplement this Motion and certificate of conferral.

Dated: <u>March 20, 2025</u>     Respectfully submitted,

**JACKSON LEWIS P.C.**

By: /s/ *B. Tyler White*
B. Tyler White
Fla. Bar No. 0038213
tyler.white@jacksonlewis.com
James D. McGuire
Fla. Bar No. 1032198
james.mcguire@jacksonlewis.com
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
904-638-2665

*Counsel for Petitioners*

4935-8410-6535, v. 2