UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ALL ELITE WRESTLING,**
LLC, a Delaware limited liability
company, and **ANTONY KHAN,**

       **Petitioners,**

v.                                                                   Case No. 3:25-cv-282-WWB-LLL

**RYAN NEMETH,**

       **Respondent.**

_____/

## PETITIONER ALL ELITE WRESTLING, LLC'S MOTION TO WITHDRAW PROPOSED SEALED DOCUMENT (DOC. 9-1) UNDER LOCAL RULE 1.11(e)

Petitioner, All Elite Wrestling, LLC ("AEW"), through undersigned counsel, and under Local Rule 1.11(e), requests that the Court enter an Order directing the Clerk of Court to remove from the docket AEW's Proposed Sealed Document (Doc. 9-1), or to otherwise prevent the Proposed Sealed Document from appearing on the public docket after the seal expires.

On March 20, 2025, AEW filed its Motion for Leave to File Under Seal Exhibits A, B, & C to the Petition to Compel Arbitration Pursuant to Local Rule 1.11 ("Motion to Seal") (Doc. 9). In that Motion, AEW detailed why sealing was necessary to protect the confidential nature of the Proposed Sealed Document, stating in relevant part:

> The Agreements should be filed under seal consistent with AEW's and Respondent's agreements regarding confidentiality. The Agreements each contain a nearly-identical confidentiality provision (*See, e.g.*, Section 11 of the Agreements).
>
> Confidentiality is a material term of the Agreements and constitutes part of the consideration provided in exchange for the amounts paid to Respondent for his services, and sealing the Agreements is necessary because the

>confidential terms disputed by Respondent therein are essential to resolving the issue of compelling arbitration, as well as other issues that may arise throughout the course of this matter. In considering applications to file documents under seal, courts apply a balancing test, weighing the presumption of public access to public documents against the interests favoring nondisclosure. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314–15 (11th Cir. 2001); *see also, e.g., Medley v. American Cancer Soc'y,* No. 10- civ-3214, 2010 U.S. Dist. LEXIS 75098, at *1 n.1 (S.D.N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal."). Any public interest in obtaining access to the terms of the Agreements is outweighed by AEW's legitimate interests in maintaining the confidentiality of the contractual relationship at issue. Moreover, maintaining confidentiality of the terms between AEW and its Wrestlers and former Wrestlers, such as Respondent, is essential for AEW to remain competitive in the wrestling industry, and allowing the Agreements to be filed on the public docket will result in substantial and irreparable harm to AEW's and Petitioner Khan's business, which harm cannot be reduced or eliminated through any other reasonable means. *See FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 60–61 (11th Cir. 2013). Additionally, for the same reasons, Petitioner Khan, as AEW's Chief Executive Officer, General Manager, and Head of Creative, has a business interest in the terms of AEW's agreements not being made public.

(Doc. 9 at 2–3).

On April 14, 2025, Petitioners filed their Notice of Voluntary Dismissal Without Prejudice (Doc. 13) and the Court entered its Order dismissing the case on April 15, 2025 (Doc. 14). Further, on April 16, 2025, the Court entered its Notice of Local Rule 1.11(e), providing that "unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires." (Doc. 15). Consistent with all of the foregoing, AEW respectfully requests that the Court enter an Order directing the Clerk of Court to remove from the docket AEW's Proposed Sealed Document (Doc. 9-1), or to otherwise prevent the Proposed Sealed Document from appearing on the public docket.

DATED: April 22, 2025

        Respectfully submitted,

        JACKSON LEWIS P.C.

        By: */s/ B. Tyler White*
        B. Tyler White, FBN: 0038213
        Tyler.White@jacksonlewis.com
        James D. McGuire, FBN: 1032198
        James.McGuire@jacksonlewis.com
        501 Riverside Avenue, Suite 902
        Jacksonville, FL  32202
        Tele:  904-638-2655
        Fax:  904-638-2656

        *Counsel for Petitioners*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of April, 2025, a true and correct copy of the foregoing was electronically filed with the Court by using the CM/ECF system, and was served via First Class Mail to the following:

    Ryan Nemeth
    5705 Jamieson Avenue
    Encino, CA 91318-1043

        */s/ B. Tyler White*
        Attorney

4910-5781-3047, v. 1